Bryson J. Hunter (VSB #46988)
Timothy J. Lovett (VSB $97438)
Spilman Thomas & Battle, PLLC
P. O. Box 90
Roanoke, Virginia 24002
Telephone: (540) 512-1832
Facsimile: (540) 342-4480
bhunter@spilmanlaw.com
tlovett@spilmanlaw.com
*Counsel for SF-ALP, LLC*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | |
|---|---|
| **In re:** | **Chapter 13** |
| **DAVID W. ALLEN and CHRYSTAL S. ALLEN,** | **Case No. 23-60415** |
| **Debtors**. | |

**NOTICE OF HEARING**

**PLEASE TAKE NOTICE** that SF-ALP, LLC, by and through counsel, has filed a *Motion to Dismiss* ("Motion"). On **November 25, 2025 at 9:30 a.m.,** or as soon thereafter as counsel may be heard, SF-ALP, LLC and any other interested party will appear for hearing before the Honorable Rebecca Connelly, Judge of the United States Bankruptcy Court for the Western District of Virginia, via ZoomGov, by accessing the following URL: https://www.zoomgov.com/j/1603692643, or by using Meeting ID 160 369 2643 when using the Zoom application, and SF-ALP, LLC will ask that its Motion be granted. You must be present if you wish to be heard.

**PLEASE TAKE FURTHER NOTICE THAT** if you wish to oppose the Motion, you or your attorney must file with the Court, at the address shown below, a written objection pursuant to Local Bankruptcy Rule 9013-1, and you must also serve a copy of your objection on all necessary parties.

**Clerk of the Court**
**United States Bankruptcy Court**
**210 Church Avenue, Room 200**
**Roanoke, Virginia 24011**

***Your rights may be affected.* You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in the motion or if you want the Court to consider your views on the motion, then you should attend the hearing.**

## SF-ALP, LLC'S MOTION TO DISMISS BANKRUPTCY CASE

SF-ALP, LLC (the "Movant"), by counsel, pursuant to 11 U.S.C. § 1307 and Federal Rule of Bankruptcy 1017, requests that the Court enter an order dismissing this bankruptcy case. In support thereof, the Movant states as follows:

### Jurisdiction

1. This matter is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. §157.

2. Venue lies properly in this Court pursuant to 28 U.S.C. §1409.

### Background

3. On September 25, 2017, David W. Allen and Chrystal Allen (the "Debtors") executed a Promissory Note and Security Agreement in favor of State Farm Bank, F.S.B. in the principal amount of $57,882.19 (the "Note"), for the purchase of a 2018 Sand Piper Travel Trailer Model 378FB, Serial No. 4X4FSAP29JJ035868 (the "Trailer"). The Note was subsequently lawfully transferred to the Movant. A true and accurate copy of the Note is attached as **Exhibit A**.

4. To secure repayment of the Note, the Debtors granted State Farm Bank, F.S.B. a security interest in the Trailer. The security interest was subsequently lawfully transferred to the Movant.

### Procedural History

5. On April 11, 2023, the Debtors initiated this bankruptcy case by filing a voluntary petition pursuant to chapter 13 of title 11 of the United States Code (the "Bankruptcy Code").

6. On June 21, 2023, the Court entered the *Order Confirming Plan* (the "Confirmation Order") [ECF No. 26], confirming the Debtors' *Chapter 13 Plan* (the "Plan") [ECF No. 18] filed by the Debtor with some modifications.

7. Under the Plan, the Debtor elected to surrender the Trailer to Movant, with the automatic stay under 11 U.S.C. § 362(a) being terminated as to the Trailer and the stay under 11 U.S.C. § 1301 being terminated in all respects. Plan, § 3.5.

8. Movant attempted to retrieve the Trailer from Debtors' residence but found that the Trailer blocked in and attached to a truck. Movant attempted to coordinate repossession, but Mr. Allen refused.

9. Upon information and belief, the Trailer remains in possession and custody of the Debtors.

**Argument**

10. Bankruptcy Code section 1307(c)(6) provides that a chapter 13 bankruptcy case may be dismissed or converted "for cause," including a "material default by the debtor with respect to a term of a confirmed plan." 11 U.S.C. § 1307(c)(6). "The extent to which a default under a confirmed plan is sufficiently material to justify dismissal is necessarily case-specific and will depend on whether the failure of performance will result in creditors receiving less than they would have received had the default not occurred." *In re Jahanian*, 2009 WL 3233161, at *3 (Bankr. E.D. Va. Sept. 28, 2009).

11. The Debtors' Plan clearly dictated that the Trailer was to be surrendered to Movant. According to the Fourth Circuit, "surrender", as used in 11 U.S.C. § 1325, "means the relinquishment of all rights in property, including the possessory right, even if such relinquishment does not always require immediate physical delivery of the property to another." *White v. Logan*

*(In re White*), 487 F.3d 199, 205 (4th Cir. 2007). And "[i]f a secured creditor is legally foreclosed from immediately obtaining the property that a debtor proposes to surrender and the debtor does not in fact voluntarily relinquish all rights in the property, including the right to possession, to the secured creditor, then the debtor can in no way be said to have "surrendered" any of his rights in the property." *Id.* at 207.

12. Debtors have refused to make the Trailer available to Movant. Debtors have blocked in the Trailer and attached it to another vehicle to which Movant has no claimed interest. Therefore, Debtors have not "surrendered" the Trailer to Movant and have actively hindered Movant's ability to take immediate possession. Further, Debtors are making no payments towards Movant for the Trailer and, based upon the Trailer's connection to another vehicle, the Debtors may be continuing to use the Trailer. Since Movant neither received the Trailer itself nor is it receiving the regular monthly payments under the Note nor is it receiving any form of adequate protection, Movant is receiving less than it would receive absent Debtors' default.

13. Since the Debtors are in material default under the Plan and no alternative remedy is satisfactory, dismissal or conversion of Debtors' case to one under chapter 7 is warranted under 11 U.S.C. § 1307(c)(6).

**WHEREFORE**, Movant respectfully requests that the Court enter an order dismissing the Debtors' bankruptcy case or, in the alternative, converting it to a case under chapter 7 of the Bankruptcy Code.

Dated: November 4, 2025

Respectfully submitted,

SF-ALP, LLC

By: /s/ Timothy J. Lovett
Of Counsel

Bryson J. Hunter (VSB #46988)
Timothy J. Lovett (VSB #97438)
Spilman Thomas & Battle, PLLC
P. O. Box 90
Roanoke, Virginia 24002-0090
Telephone: (540) 512-1832
Facsimile: (540) 342-4480
bhunter@spilmanlaw.com
tlovett@spilmanlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of November, 2025, a true and correct copy of the foregoing was delivered by electronic means to all parties who receive notice in this case pursuant to the Court's CM/ECF system, and by first-class mail, postage pre-paid, to:

Stephen E. Dunn
Stephen E. Dunn, Esq.
201 Enterprise Drive, Suite A
Forest, VA 24551
*Counsel to the Debtor*

Angela M. Scolforo, Trustee
Office of the Chapter 13 Trustee
P.O. Box 2103
Charlottesville, VA 22902

David W. Allen
9890 Stewartsville Rd.
Goodview, VA 24095

Crystal S. Allen
9890 Stewartsville Rd.
Goodview, VA 24095

Office of the U.S. Trustee
210 First Street, Suite 505
Roanoke, VA 24011

/s/ Timothy J. Lovett
Counsel

# EXHIBIT A



**REFERENCE #:** ████████4581

## PROMISSORY NOTE AND SECURITY AGREEMENT

State Farm Bank, F.S.B.
Bloomington, IL
877-734-2265

**Date:** 09/25/2017

| | |
|---|---|
| **Borrower:** | David W Allen |
| **Address:** | 9890 Stewartsville Rd<br>Goodview VA 24095-2947 |
| **Co-Borrower:** | Crystal Allen |
| **Co-Borrower:** | |
| **Co-Borrower:** | |
| **Co-Borrower:** | |
| **Co-Borrower:** | |

**Promise to Pay:** The undersigned ("Borrower", "you" or "your"), jointly and severally, promise(s) to pay to the order of State Farm Bank, F.S.B. ("Lender") at P.O. Box 5961, Madison, Wisconsin 53705-0961, the Amount Financed shown below with interest (Finance Charge) on the unpaid balance of the Amount Financed at the Annual Percentage Rate ("APR") shown below and accruing daily until the Amount Financed is paid in full. Interest shall be computed on the basis of a year consisting of 365 days or 366 days for leap years and charged for the actual number of days elapsed. Borrower shall make payments according to the payment schedule shown below. The due date of the final payment is the final maturity of this Promissory Note and Security Agreement ("Note"), and any remaining unpaid amounts shall be due and owing on that date. The Total of Payments and Finance Charge shown below are estimates based on Borrower making the proper payment on each scheduled due date. Payments made after any due date will increase the total amount of Finance Charge and Total of Payments.

### TRUTH IN LENDING DISCLOSURES

| **ANNUAL PERCENTAGE RATE**<br>The cost of your credit as a yearly rate. | **FINANCE CHARGE**<br>The dollar amount the credit will cost you. | **Amount Financed**<br>The amount of credit provided to you or on your behalf. | **Total of Payments**<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 7.290 % | $ 37,737.41 | $ 57,882.19 | $ 95,619.60 |

Your payment schedule will be:

| Number of Payments: | Amount of Payments: | When Payments are due: |
|---|---|---|
| 180 | $ 531.22 | Monthly Beginning 11/09/2017 |

☐ [Automatic Payment Annual Percentage Rate Reduction] (check if applicable)

When this box is checked, an APR reduction program is in place and you have qualified for an APR reduction of 0.15% by selecting recurring monthly electronic payments for this loan from an account with State Farm Bank®. The APR listed above includes this APR reduction when this box is checked.

**Property insurance is required. You may obtain property insurance from anyone acceptable to the Lender.**

**Security:** You are giving a security interest in the motor vehicle, trailer, watercraft, motor, and other property listed as collateral below, and any proceeds of this collateral being purchased or refinanced with the loan proceeds.

| Collateral/Vehicle | Year | Make | Model | Serial No. or VIN |
|---|---|---|---|---|
| Travel Trailer | 2018 | sand piper | 378FB | 4X4FSAP29JJ035868 |
| | | | | |
| | | | | |

**Filing Fee:** You agree to pay any lien filing fees.

**Late Charge:** If any payment is late more than 10 days you will be charged 5% of the unpaid payment or $10.00, whichever is greater.

**Prepayment: If you pay this Note off in full within 12 months of the date of this Note, you will have to pay Lender a prepayment penalty of $100. If this Note includes a Military Lending Act Addendum, there will be no prepayment penalty.**

**Other Terms:** See your contract terms on all pages of this Note for any additional information about nonpayment, default, and required repayment in full before the scheduled date, prepayment refunds and penalties and further information about security interests.

REFERENCE #: ████4581

**IF YOU DO NOT MEET YOUR OBLIGATIONS UNDER THIS NOTE, YOU MAY LOSE THE VEHICLE YOU PURCHASED WITH THIS LOAN, OR WHICH SERVES AS COLLATERAL FOR THIS LOAN.**

**USE OF AGENT:** Your financing may be obtained through clerical assistance of a State Farm® insurance agent or staff member; if so (1) no compensation of any kind is to be paid between the seller of your vehicle and the State Farm agent or staff member; and (2) no referral relationship or arrangement is to exist between the State Farm agent or staff member and the seller of your vehicle relating to the purchase of your vehicle or your loan unless this transaction is a "Purchase Money Loan" under 16 C.F.R. Section 433.1(d) authorized by Lender. Unless otherwise authorized by Lender, you are to receive the credit application, this Note, and other documentation for this loan directly from Lender or a State Farm agent or staff member and not from the seller of the vehicle and those documents are to be completed and executed directly with Lender or in the presence of the State Farm agent or staff member. If your loan is being obtained through the assistance of a third party ("Agent"), you understand that the Agent is not an employee of Lender and the Agent is not authorized to make representations or bind Lender.

**IF THE FOREGOING DISCLOSURE IS NOT AN ACCURATE STATEMENT OF THE WAY YOUR LOAN TRANSACTION HAS BEEN HANDLED OR IF YOU DO NOT UNDERSTAND ANY OF THE DISCLOSURE INCLUDING WHAT CONSTITUTES A "PURCHASE MONEY LOAN," DO NOT EXECUTE ANY FURTHER DOCUMENTATION AND CONTACT STATE FARM BANK AT ONCE AT 877-734-2265. IF YOU ARE DEAF, HARD OF HEARING, OR DO NOT USE YOUR VOICE TO COMMUNICATE, YOU MAY CONTACT US VIA 711 OR OTHER RELAY SERVICES.**

**By executing this Note you acknowledge that you have received this disclosure, that you have read this disclosure, that you understand this disclosure, and that your loan transaction has been handled in accordance with the conditions stated above.**

## The following Notice applies only if the transaction is a "Purchase Money Loan" under 16 C.F.R. Section 433.1(d)

## NOTICE

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

## ADDITIONAL TERMS AND PROVISIONS

**PAYMENTS:** All payments must be made in United States currency via check, money order, or electronic payment. Borrower may make a prepayment of principal in full or in part at any time before maturity. If Borrower prepays this Note in full, then Borrower may be required to pay Lender a prepayment penalty as disclosed above in the Truth in Lending Disclosures. Payments will generally be applied first to interest outstanding and then to principal on outstanding payment installment(s) billed, continuing until no outstanding payment installments billed remain, and then to any late fees. Any remaining overpayment will be applied, unless otherwise agreed to by Lender, based upon the method of payment. Recurring preauthorized electronic transfer overpayments will be applied to the last installment(s) which will not excuse or defer any scheduled payments until this Note is paid in full. Overpayments as a result of other payment methods will be applied to the principal of the next payment installment(s) and will reduce or satisfy the next payment(s) due. Mailed payments for the exact amount of the monthly payment installment plus late fee will be applied to the outstanding payment installment and late fee. Interest will accrue on the unpaid principal balance regardless of whether payments are applied to the next payment due or to the last installment(s).

**SECURITY INTEREST:** To secure payment of this Note and all renewals and extensions hereof, Borrower grants and pledges to Lender a security interest in the vehicle described above, and all attachments and all accessions thereto and all proceeds thereof ("Collateral").

**PERFECTION OF SECURITY INTEREST:** Borrower is responsible for obtaining clear title to the Collateral, including removing or paying off any lien(s) on the Collateral and allowing Lender to place a first lien on the Collateral. To the extent allowed by applicable law, Lender is hereby appointed as Borrower's attorney-in-fact to do at Lender's option and at Borrower's expense all things necessary or desirable to perfect, keep perfected and maintain Lender's security interest in the Collateral, to protect such Collateral and to execute any document or instrument to perfect, keep perfected and protect such security interest of the Lender in the Collateral. This may include paying off any senior liens on the Collateral to secure first lien position for Lender and any expenses incurred with such payoff may be charged to Borrower as fees due at payoff. Borrower further explicitly authorizes Lender, at Borrower's expense, to order a duplicate title or undertake any other title work necessary for Lender to perfect its security interest in the collateral. IN NO EVENT WILL LENDER BE LIABLE TO BORROWER FOR FAILURE TO OBTAIN CLEAR TITLE TO THE COLLATERAL, INCLUDING REMOVING OR PAYING OFF ANY LIEN(S) ON THE COLLATERAL.

REFERENCE #: ████████4581

**COLLATERAL:** Borrower covenants, represents and agrees with Lender as follows: (a) that Borrower is the owner of the Collateral free from any lien, security interest, encumbrances or claim and will defend the Collateral against the claims and demands of all persons; and (b) that Borrower will not sell, lease or encumber the Collateral or grant any subsequent security interest therein nor part with possession thereof; and (c) that if Collateral is in the possession of Borrower, that Borrower will not remove the Collateral from the fifty United States (including the District of Columbia) without the prior written consent of Lender; and (d) that Borrower will not use or permit the Collateral to be used in violation of any law, ordinance or policy of insurance covering said Collateral; and (e) that Borrower will maintain the Collateral in good condition and repair and shall pay taxes and assessments levied on the Collateral; and (f) that the Collateral may not be used in whole or in part for hire; and (g) that the Collateral will not be used as a residence. Borrower will promptly advise Lender of any change of address or change in location of the Collateral.

**USE OF PROCEEDS:** The proceeds of this Note will be used to acquire the Collateral or to refinance prior indebtedness used to acquire the Collateral, except to the extent there are excess proceeds (i.e., cash out proceeds) that may be used at Borrower's discretion, and Lender may disburse such non-excess proceeds to the seller of the Collateral or to such other lender.

**PAYMENT OBLIGATIONS:** Loss, theft, damage to, destruction and seizure of the Collateral shall not relieve Borrower from the payment and performance of any obligation hereunder or the indebtedness secured hereby.

**INSURANCE:** Borrower shall procure and maintain insurance on the Collateral for the full term of this Note against the risks of fire, theft, collision and such other risks as Lender may require in such amounts and conditions and with such insurers as are satisfactory to Lender; and Borrower shall deliver to Lender within ten (10) days from the date of the Note, a fully paid policy or policies of insurance containing a Lender's Loss Payable Clause (stating that the proceeds are payable to the Lender) in favor of Lender providing for ten (10) days prior written notice of cancellation. If Borrower shall fail, for any reason, to insure the Collateral as required by this Note, or if Borrower's insurance shall be canceled, Lender at its option, may procure such insurance as shall be deemed necessary by Lender and advance the premium therefore on behalf of Borrower. Borrower promises to pay such premiums to Lender, with interest thereon at the Annual Percentage Rate shown above, as additional indebtedness due hereunder and secured hereby, or Lender may, at its option, declare all obligations secured hereby to be immediately due and payable. Borrower assigns to Lender any unearned or returned premiums. To the extent allowed by applicable law, Lender is appointed Borrower's attorney-in-fact to endorse any check or draft payable to Borrower in order to collect such unearned premiums or any benefits of such insurance. All sums received by Lender as payment of insurance losses or for return of premiums under said policies of insurance shall, at the option of Lender, be applied to the unpaid principal balance or to currently maturing installments on this loan.

**PAYOFF PROTECTOR®: In the event the Collateral is damaged, destroyed, or stolen ("Loss") and the insurer of the Collateral has determined that it is a total loss under the terms of its insurance policy ("Total Loss") and Borrower has provided satisfactory written notice of the Total Loss to Lender, Lender agrees as follows:**

AMOUNT WE WILL WAIVE: If EACH of the **CONDITIONS** of this provision are satisfied **and none of the EXCLUSIONS apply,** we will waive the difference between your unpaid principal balance under this Note as of the date of the Loss and the entire insurance settlement less:
(1) any past due payment amounts (even within a grace period) or extended payment amounts (unless expressly agreed to in writing by us);
(2) any amount Borrower could otherwise have collected from any insurer through reasonable diligence; and
(3) any deductions the insurance company may make (such as prior damage, condition adjustment, or salvage retention value) when it honors Borrower's claim (excluding the deductible amount).
Outstanding interest and fees as of the date of the Loss will not be waived under this provision.

PAYOFF PROTECTOR PROCESS: Once we are notified of a Loss anticipated to be a Total Loss and provided with the insurance claim number, any payment installment due after the date of the Loss will not be required while the Payoff Protector request is being processed by us. No additional late fees or interest will accrue during this time. If Payoff Protector is applied, we will provide you with an updated loan status that outlines any remaining amounts that may be owed. If Payoff Protector is not applied, monthly payment installments, interest accrual, and late fees (if applicable) will resume, your loan will be extended by one month for each suspended payment installment, and you will be provided with updated documentation regarding your loan.

**CONDITIONS:** We will waive the amount set forth above, provided EACH of the following stipulations are met **and none of the EXCLUSIONS apply:**
(1) this provision and this Note are in effect;
(2) Borrower has timely filed a claim under any policy which may provide coverage (or does so upon our request) and the Collateral is determined to be a Total Loss by the insurer of the Collateral;
(3) the insurance coverage on the Collateral required under this Note has been maintained, is currently in force, and the full amount of any insurance proceeds is paid to us;
(4) Borrower has complied with all other terms and conditions of the Note;

**REFERENCE #:** ████████4581

(5) No other coverage is available under any guaranteed asset protection coverage or credit insurance provided to Borrower under any insurance policy;
(6) Borrower notifies us within sixty (60) days of the Loss and provides us with a copy of the settlement, declarations page of the policy, any accident or police report and any other documentation we request; and
(7) Borrower takes necessary steps to recover the Collateral and prevent or reduce any further loss to the Collateral.

**EXCLUSIONS:** Notwithstanding anything in this provision to the contrary, Borrower will not be eligible for Payoff Protector and Borrower will remain liable for any amounts owed under this Note if ANY of the following conditions exists:
(1) Borrower is thirty (30) days or more past due as of the date of the Loss;
(2) Borrower voluntarily surrenders the Collateral to us, we repossess the Collateral, or the Collateral is seized by any governmental authority;
(3) the Total Loss is due to acts of terrorism;
(4) the Total Loss is excluded from coverage by the insurance coverage on the Collateral;
(5) the Loss occurred before the loan funds under this Note were released by us;
(6) in the event multiple pieces of Collateral appear on the Note, the amount waived for any one piece of Collateral shall be an amount of the outstanding principal balance equal to the proportionate value of the Collateral, determined by us, as of the Note date and the original principal balance of the loan.

TERM: This provision commences on the date this Note becomes effective and terminates on the date this Note is terminated. In no event will the amount waived or benefit to the Borrower exceed the outstanding loan balance. This is NOT an insurance policy.

**RETURNED INSTRUMENT CHARGE:** Borrower agrees to pay a charge of $25 for each check or instrument submitted as payment on this Note which is later returned unpaid.

**EVENTS OF DEFAULT AND ACCELERATION:** If Borrower shall default in the payment, when due, of any installment of this Note or in the payments or performance of any other obligation hereunder or indebtedness due to Lender, or in case of loss, substantial damage to, destruction, sale, encumbrance, concealment, removal, attachment or levy upon the Collateral; or if any proceeding shall be instituted by or against Borrower (or Borrower's business) under any bankruptcy, insolvency or similar statute; or Borrower shall make an assignment for the benefit of creditors, or Lender shall deem itself insecure; or upon the death or incompetency of any Borrower, endorser or co-signer; or if Borrower makes any representation, warranty, statement or signature to Lender that is false or misleading; or if Borrower fails to maintain accurate contact information with Lender; then upon the happening of any of the foregoing events of default, Lender at its option may declare the unpaid balance of this Note including accrued interest and all other indebtedness and obligations of Borrower to Lender immediately due and payable, without notice or demand. Borrower agrees to pay all of Lender's reasonable costs and expenses in enforcing this Note or in realizing upon the Collateral, including court costs and reasonable attorneys' fees, to the extent permitted by applicable law (including bankruptcy or insolvency proceedings) in addition to an administrative fee of $150.00 assessed by Lender.

**REMEDIES OF LENDER:** Upon the occurrence of any event of default, Lender shall have all of the rights and remedies of a secured party as provided by Article 9 of the Uniform Commercial Code, including, but not limited to, the right of Lender to take immediate possession of the Collateral and anything located therein, with or without judicial process, and for such purpose, to enter on the premises where such Collateral may be located. In the event of default, Borrower agrees to make the Collateral available to Lender at a place acceptable to Lender which is convenient to Borrower. In the event the Collateral is repossessed, Borrower will be assessed an administrative fee of $150.00 in addition to any repossession and storage charges, including storage charges for any personal property located in the Collateral. In the event of resale of the Collateral after repossession, Borrower expressly agrees that the requirements of reasonable notice shall be met if notice is delivered or mailed to Borrower at the address of Borrower shown herein prior to the sale or other disposition of the Collateral as provided by applicable law. Disposition of the Collateral may be made in any commercially reasonable manner. The net proceeds realized upon any sale or other disposition of the Collateral, after deducting expenses of the sale or other disposition, repossession or storage incurred by Lender, shall be applied to the payment of this Note and all other indebtedness or obligations of Borrower to Lender, in such manner as Lender shall elect. Lender shall account to Borrower for any surplus thereafter realized on such disposition, Borrower shall remain liable for any and all unpaid amounts remaining or any other deficiency, which Borrower agrees to pay immediately. All rights and remedies of Lender, whether provided for herein or conferred by law, are cumulative.

**ADDITIONAL REMEDIES:** Demand, presentment for payment, notice of dishonor, and notice of intent to accelerate are hereby waived by Borrower and all cosigners and endorsers hereon. Lender is authorized to appropriate and apply toward payment of this Note any other property belonging to Borrower in the possession of Lender, as well as any indebtedness of Lender to Borrower, and Lender is hereby given a first and prior lien upon such other property. All cosigners and endorsers consent that the time of payment may be extended or renewal notes taken by the holder hereof without notice and that such extension or renewal shall not discharge their liability hereon.

**REFERENCE #:** ████████4581

**PROCESSING OF PAYMENTS:** Lender's business days for processing payments are Monday through Friday, excluding Lender's holidays. Payments received on a non-business day will be processed on the next business day, and Finance Charges (interest) continue to accrue on the unpaid balance of the Note. The payment due date will not be extended if it falls on a non-business day, and in such event Borrower should make the payment to Lender in advance of the due date.

**CONSENT TO PHONE AND ELECTRONIC NOTIFICATION:** Each Borrower agrees, in order for Lender to service this Note, to collect any amounts owed under this Note, and to prevent fraud, Lender may contact you by telephone at any telephone number associated with any Borrower, including wireless telephone numbers, which could result in charges to you. Methods of contact may include using pre-recorded/artificial voice messages and/or use of an automatic dialing device. Borrower also agrees that he or she is the subscriber or customary user of any wireless telephone number Borrower provides to Lender and that Borrower has authority to grant Lender permission to call any such wireless telephone number. Each Borrower also agrees that Lender may also contact you by sending text messages or e-mails using any telephone number or e-mail address associated with any Borrower.

**BORROWER CONTACT INFORMATION:** Borrower agrees to update Lender immediately of any change in Borrower's contact information. This includes, but is not limited to, changes to residence address, mailing address, phone number, and email address. Lender shall not have any liability resulting from Borrower's failure to keep Borrower's contact information accurate.

**WAIVER AND SEVERABILITY:** No delay or omission by Lender in exercising any right or remedy shall operate as a waiver of such right or remedy or any other right or remedy. A waiver on any one occasion shall not act as a waiver for any other occasion. Lender may accept late or partial payments or payments marked "in full" or with similar language, without waiving any rights or remedies. If any provision of this Note is held invalid, such invalidity shall not affect the validity and enforceability of the remaining provisions of this Note.

**SUCCESSORS AND ASSIGNS:** All rights of Lender shall also benefit the successors and assigns of Lender, and all obligations of Borrower shall be binding upon Borrower's heirs, beneficiaries, personal representatives, successors and assigns. Borrower may not assign its rights and obligations under this Note, unless the Lender agrees in writing to such assignment. If there is more than one Borrower, their obligations hereunder shall be joint and several. Any changes to this Note must be in writing and signed by Lender.

**CREDIT REPORTING:** Lender may report information about your account to credit bureaus, including negative information. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. Borrower authorizes Lender to obtain consumer reports about Borrower until the Note is paid in full.

**DISPUTING ACCOUNT INFORMATION REPORTED TO CREDIT BUREAUS:** We furnish information about your account to credit bureaus. You have the right to dispute the accuracy of the information reported by writing to us at: State Farm Bank, F.S.B., ATTN: Credit Reporting, P.O. Box 2313, Bloomington, IL 61702-2313.

**GOVERNING LAW:** This Note is governed by federal law and, to the extent not preempted thereby, by the law of the State of Illinois. The acceptance of the Note is expressly conditioned upon Lender's approval and all proceeds will be disbursed by Lender at its principal office in Illinois. Regardless of where you live, your credit application will be forwarded to Lender in Illinois and Lender will process your application and make all lending decisions at or through its offices in Illinois. This Note is entered into in Illinois upon Lender's acceptance. All terms and conditions in this Note (including applicable fees) are material to the determination of the interest rate.

**REFERENCE #:** ████████4581

**Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect you (Borrower(s)) and us (Creditors) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.**

**NOTICE TO BORROWER: (A) DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON EACH PAGE, EVEN IF OTHERWISE ADVISED. (B) DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES. (C) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. (D) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS NOTE.**

**ACKNOWLEDGMENT: Borrower agrees to the terms of this Promissory Note and Security Agreement including the additional terms set forth on the preceding pages. Borrower acknowledges receipt of a completed copy of this Note prior to consummation of the loan.**

**CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

**BORROWER(S) SIGNATURES**

X ______________________ (signed)
David W Allen

X ______________________ (signed)
Crystal Allen

X ______________________

X ______________________

X ______________________

X ______________________

████████ 07-25-2017